**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MCQUEEN,** | : | Case No. 1:10 CV 2357 |
| Petitioner, | : | |
| vs. | : | |
| **TERRY TIBBALS,** | : | **MAGISTRATE'S REPORT AND RECOMMENDATIONS** |
| Respondent. | : | |

Pursuant to Rule 72.2(b)(2) of the UNITED STATE DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation.  Pending are Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U. S. C. § 2254, Respondent's Return of Writ and Petitioner's Traverse (Docket Nos. 1, 4 & 7).  For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

### I.  BACKGROUND.

**A.  INDICTMENT, CONVICTION AND SENTENCING.**

During the January 1999 term, the grand jurors of Cuyahoga County, Ohio, returned a one count indictment against Petitioner for aggravated murder with a firearm specification, violations of OHIO REV. CODE §§ 2903.01 and 2941.148 (Docket No. 4, Exhibit 1, 5 of 254).  The order received for filing on September 10, 1999, indicated that Petitioner withdrew his plea of not guilty and entered a plea of guilty

to the amended indictment of voluntary manslaughter with a three-year firearm specification. Petitioner was sentenced to a term of ten years as to the voluntary manslaughter charge and three years as to the firearm specification to be served prior to and consecutively with time on the voluntary manslaughter charge for a total of 13 years (Docket No. 4, Exhibit 1, p. 7 of 254).

**B.    DIRECT APPEAL.**

Petitioner and co-defendants Donnell Manning and Jovon Thomas filed a motion for leave to file a delayed appeal on November 4, 2005 (Docket 4, Exhibit 1, pp. 12-15 of 254). On November 29, 2005, the Court of Appeals for Eighth District entered an order denying the motion for leave and dismissing the appeal *sua sponte* (Docket No. 4, Exhibit 1, pp. 22, 33-34 of 254).

**C.    APPEAL TO THE SUPREME COURT OF OHIO.**

Petitioner and co-defendants Donnell Manning and Jovon Thomas filed a notice of appeal on January 4, 2006 (Docket No. 4, Exhibit 1, pp. 23-24 of 254). In the memorandum in support of jurisdiction, the following assignments of error were asserted:

1. A defendant is denied due process of law when a court fails to grant leave to file a delayed [sic] where defendants are not advised of the right to an appeal and do not knowingly, intelligently and voluntarily waive the right to an appeal.

2. A defendant is denied due process of law and does not enter a knowing, voluntary or intelligent plea where the court fails to advised [sic] the defendant concerning the fact that the conviction carries a mandatory period of post-release control.

(Docket No. 4, Exhibit 1, p. 26 of 254).

On April 17, 2006, Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 4, Exhibit 1, p. 36 of 254).

**D.    RESENTENCING.**

The state made a motion for resentencing on May 15, 2008 asserting that Petitioner's sentence was void because he was not properly advised of post release control at the time of sentencing (Docket No. 4, Exhibit 1, p. 38 of 254). On August 21, 2008, Petitioner was present in court and Judge Michael J. Russo imposed the original sentence and ordered a five-year mandatory post release control (Docket No. 4, Exhibit 1, p. 40 of 254).

E.   **APPEAL OF RESENTENCING ORDER.**

Petitioner filed a notice of appeal on September 18, 2008 (Docket No. 4, Exhibit 1, p. 41 of 254). Three assignments of error were presented:

1.   Defendant was denied due process of law when the court refused to vacate defendant's plea as he was not advised concerning post-release control when he entered his plea.

2.   Defendant was denied due process of law when the court overruled defendant's motion to vacate his plea and imposed a maximum sentence in violation of defendant's constitutional rights.

3.   Defendant was denied due process of law when the court imposed a sentence in violation of the agreed plea.

(Docket No. 4, Exhibit 1, p. 43 of 254).

On February 12, 2009, the Court of Appeals for the Eighth District, *sua sponte*, remanded the appeal to the trial court for compliance with *State v. Baker*, 2009 OHIO-3330[1] (Docket No. 4, Exhibit 1, p. 79 of 254). On June 11, 2009, the court of appeals entered an order affirming the trial court's judgment (Docket No. 4, Exhibit 1, pp. 91-100 of 254). Petitioner filed an application for reconsideration or in the alternative, a request for rehearing *en banc* (Docket No. 4, Exhibit 1, p. 101 of 254). On June 6, 2009, the court of appeals denied the motion for reconsideration (Docket No.4, Exhibit 1, p. 118 of

---

[1] *State v. Baker*, holds that the judgment of conviction is a single document that must include the sentence and the means of conviction, whether by plea, verdict or finding by the court to be a final appealable order under OHIO REV. CODE § 2505.02.

254). On June 11, 2009, Petitioner filed a motion to vacate in the court of appeals[2] (Docket No. 4, Exhibit 1, pp. 119-120 of 254). On June 30, 2009, the motion to vacate was denied[3] (Docket No. 4. Exhibit 1, p. 126 of 254).

The notice of appeal in the Supreme Court of Ohio was filed on July 20, 2009 (Docket No. 4, Exhibit 1, p. 127 of 254). In the memorandum in support of jurisdiction, Petitioner presented one proposition of law:

> "A defendant is entitled to have a plea vacated when the plea was entered without any advise[d] by the court concerning post-release control.
>
> (Docket No. 4, Exhibit 1, p. 130 of 254).

On October 14, 2009, Chief Justice Thomas J. Moyer denied the request for leave to appeal and dismissed the case as not involving any substantial constitutional question (Docket No. 4, Exhibit 1, p. 152 of 254).

**F.     POST-CONVICTION RELIEF.**

On July 14, 2010, Petitioner filed a motion to vacate a void sentence[4] and a motion to withdraw guilty plea[5] (Docket No. 4, Exhibit 1, p. 153 of 254). On August 5, 2010, the trial court entered a journal

---

[2] In this motion, Petitioner requested that the court vacate its order of June 11, 2009. He argued that the order was clearly in error because the trial court ordered that the record be supplemented with the transcript of the proceeding from the plea entered by defendant.

[3] Denial of this motion was based on the lack of a provision in the appellate rules for a motion to vacate.

[4] Petitioner argues that the sentence omitted the mandatory notification required by OHIO REV. CODE § 2929.19(B)(3)(c) and was therefore void.

[5] Petitioner argued that his plea was not knowingly, intelligently and voluntarily made and was therefore void and unenforceable under both the United States and Ohio Constitutions.

entry nunc pro tunc as of and for August 12, 2008[6] (Docket No. 4, Exhibit 1, p. 230 of 254). On August 6, 2010, the trial court denied the motion to vacate a void sentence(Docket No. 4, Exhibit 1, p. 231 of 254).

G. **THE PETITION FOR WRIT OF HABEAS CORPUS**.

Petitioner filed a Petition for Writ of Habeas Corpus on October 15, 2010. The sole ground for relief is:

> Petitioner's conviction violates due process because the guilty plea was not made knowingly, intelligently and voluntarily with understanding of the maximum penalty involved.

(Docket No. 1, p. 4 of 6).

## II. PETITION FOR WRIT-IN CUSTODY STANDARD.

A district court shall only direct a writ of habeas corpus of a person in custody pursuant to a judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of the United State. *Watson v. Ohio,* 2010 WL 2730929, *2 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. at 1129. For prisoners, the warden of the facility in which they are held is the proper custodian. *Id.* (*See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

---

[6] This entry corrected the complete advisement given to the Petitioner on the day regarding the post-control release. Five years mandatory post release control was ordered.

At the time the petition was filed, Petitioner was incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio. He is in custody within the meaning of 28 U. S. C. § 2254.

Petitioner's custodian is Respondent warden. The warden maintains custody of Petitioner, has accepted service of process and filed an Answer. Accordingly, this Court has personal jurisdiction over Respondent.

Petitioner alleges that the terms of his incarceration violate the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction to issue a writ of habeas corpus.

### III. ANALYSIS.

Respondent argues that Petitioner's Petition is barred by the statute of limitations created under ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT of 1996 (AEDPA), 28 U.S.C. §§ 2241-2255 and Petitioner cannot establish entitlement to any equitable tolling. Alternately, Respondent contends that Petitioner has procedurally defaulted his sole claim due to his failure to timely present his claim to the Ohio courts.

Petitioner contends that his conviction and sentence were capable of modification through direct appeal to the state court and the United States Supreme Court and did not become final for purposes of 28 U. S. C. § 2244(d)(1)(A) until on or around January 14, 2011. Therefore, his Petition was filed well within the statute of limitations.

**A.    THE STANDARD FOR review of the statute of LIMITATIONS.**

Under the AEDPA, habeas petitions must be filed within one year of the latest of four triggering dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)    the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

filing by such state action;

     (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007) (*citing* 28 U.S.C. § 2244(d)(1)).

Direct review of a conviction includes review by the United States Supreme Court. *Smith v. Ohio Department of Rehabilitation and Correction*, 331 F. Supp. 2d 605, 615 (N. D. Ohio 2004) (*citing Bell v. Maryland,* 84 S. Ct. 1814, 1818 (1964)). Consequently, the one year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari for direct review in the United States Supreme Court has expired. *Id.* (*citing Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000)).

In appropriate cases, these timeliness provisions under Section 2244(d) are subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). More precisely, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Tribble v. Brunsman*, 2010 WL 3526475, *3 (S. D. Ohio 2010). A "properly filed" petition for post-conviction relief is one delivered and accepted in compliance with the applicable state court rules governing those filings. *Id.* (*citing Artuz v. Bennett*, 121 S. Ct. 361, 364 (2000)). The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (*citing Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

The statutory tolling provision does not restart the limitations period; it only serves to pause a clock that has not yet expired. *Allen v. Yukins*, 366 F. 3d 396, 401 (6th Cir. 2004). Once the statute of limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.

*Vroman v. Birigano*, 346 F. 3d 598, 602 (6th Cir. 2003).

B.     APPLICATION OF THE STATUTE OF LIMITATIONS TO THE CASE AT BAR.

Petitioner did not perfect a direct appeal as of right thirty days after the trial court entered the final judgment.  Accordingly, Petitioner had one year after the time to file an appeal expired or from October 10, 1999 to file a petition for writ of habeas corpus in this Court.  The statute of limitations expired on October 10, 2000.  There are no intervening events to toll the limitations since Petitioner filed his first request for post-conviction relief on November 4, 2005, approximately five years after the statute of limitations expired.  Petitioner's claims are barred from review by the statute of limitations.  Therefore, the Magistrate need not conduct a review of whether Petitioner's claims are procedurally defaulted.

### IV.  CONCLUSION

For these reasons, the Magistrate recommends that deny the Petition for Writ of Habeas Corpus, dismiss the case and terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:    November 17, 2011

### V. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the

written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.